[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 29 year old plaintiff wife brought this action against the 33 year old defendant husband, seeking a dissolution of their marriage that took place in Waterbury, Connecticut on June 18, 1983. There are two children of the marriage — Andrew, born January 6, 1986; and Justin Michael, born January 23, 1989.
The parties' marriage was breaking down in the Fall of 1988 and finally broke down when defendant vacated the family home during January, 1989. This action was commenced by writ dated March 22, 1989.
The plaintiff has an Associate's Degree in accounting and the defendant has an Engineering Associate's Degree and is a repair specialist on magnetic resonance scanners. He is presently employed by Toshiba, earning approximately $52,000 to $55,000 annually.
At the time of the marriage, the plaintiff was employed as an accounting clerk. In 1986 the parties operated "Confidential Bookkeeping and Taxes" which was later sold to defendant's sister. In January, 1988, the defendant started another business called "Clean Brite Ceilings" after purchasing the Connecticut territory rights for $45,000. The defendant closed the business in October, 1988. The defendant later repurchased the bookkeeping business from his sister, using $999 of joint funds. There are computers, software and a typewriter in dispute.
In February, 1987, the plaintiff and her friend Sheila Kane opened a retail store called "Cute and Cuddly". In 1989, the plaintiff purchased Mrs. Kane's interest in the business for $4,600. The plaintiff continues to operate the store.
The plaintiff's store is located in premises known as #87 South Main Street, Naugatuck. This building is owned by the parties. The original purchase was for $75,000. The down payment was provided by loans from plaintiff's family totaling $15,000, and a mortgage for $60,000. The mortgage was refinanced for $150,000 in November, 1986. The net proceeds were used to remodel the building and to provide initial money for "Cute and Cuddly". CT Page 1600
Shortly before the marriage, the parties had purchased #255 Webb Street in Naugatuck, which served as their home during the marriage. By giving a second mortgage on their home and subsequently refinancing it, the parties raised the money needed for defendant's business "Clean Brite Ceilings", defendant's boat, plaintiff's automobile, and repairs on both the home and #87 South Main Street which was used as security for a second mortgage of $33,000 which provided another $25,000 for "Clean Brite Ceilings".
Each party blames the other for the breakdown of the marriage. The court finds each party contributed to the breakdown.
The court, having reviewed the evidence in light of the statutory criteria, enters the following judgment.
1. A decree may enter on the first count of the complaint dissolving the marriage of the parties on the ground of irretrievable breakdown. The second count of the complaint is dismissed as moot.
2. Joint custody of the two minor children is ordered, with the primary residence with their mother. The court adopts the parties' stipulation dated April 30, 1990, as amended by agreement dated July 27, 1990, as the visitation rights of the defendant.
3. The defendant is ordered to pay the sum of $140 weekly as child support for each of the two minor children. This order is determined from the guidelines,[1] using plaintiff's current earning capacity as zero and defendant's earning capacity as $53,000. The order shall be secured by a contingent wage garnishment.
4. The defendant shall provide all medical insurance coverages for the two minor children as available through his employer. This order is made subject to Section 46b-84 (c) of the General Statutes. The defendant shall pay 75% of any uninsured bill balances and the plaintiff 25% of such balances after all insurance payments have been obtained.
5. The defendant shall pay to plaintiff the sum of $100 weekly as periodic alimony until either party dies, the plaintiff remarries or until July 1, 1999. This order is nonmodifiable as to term.
6. The defendant shall be entitled to claim the older child as an exemption on his Federal income tax returns and the plaintiff shall execute any I.R.S. form needed to allow same.
7. The defendant shall obtain and maintain life insurance coverages on his life, for the benefit of each child as irrevocable beneficiary, in the principal sum of $50,000. Said coverages are to CT Page 1601 be maintained by defendant until each child attains majority. The defendant shall provide plaintiff with written confirmation of said coverages and, in the future, with annual confirmation of their being in full force and effect.
8. The defendant shall convey all of his right, title and interest in and to the parcel of real estate known as 87 South Main Street, Naugatuck, Connecticut, to the plaintiff, subject to its present encumbrances which the plaintiff shall assume and agree to keep defendant held harmless and indemnified from any mortgagee claims arising after the transfer. The defendant shall also deliver to plaintiff all rent rolls, security deposits, rent receipts, bills, utility records, and all other documents pertaining to said property.
9. The defendant was restrained from disposing of any personal or real property by order entered July 31, 1989. Without leave of court, the defendant paid out $12,800 to an investor in his legally dissolved business "Clean Brite". The court finds this transaction to be in violation of the court order. The court orders the sum of $12,800 paid to plaintiff from the escrow of proceeds obtained from the sale of 255 Webb Road, Naugatuck (cf. Motion #103 and Order of July 31, 1989 thereon). In addition, the defendant made a $2000 payment to his father without leave of court. The court orders the remaining balance of the escrow to be paid to the plaintiff.
10. The defendant shall be solely responsible for all of the debts listed on his financial affidavit dated April 23, 1990, and he shall save the plaintiff harmless and indemnified from any creditors' claims.
11. The plaintiff shall be responsible for her business loans due Celeste Martins and Naugatuck Savings Bank, and she shall assume any of the remaining debts not already assigned to defendant as his responsibility.
12. The defendant shall retain the 1986 Toyota motor vehicle, and he shall assume and pay any loan balance due thereon.
13. The plaintiff shall retain the 1986 Chevrolet motor vehicle.
14. The plaintiff is awarded the contents of the marital home.
15. The defendant shall deliver the computers, computer software and accessories, and the typewriter that he obtained from his sister to the plaintiff as her sole property.
16. The defendant is ordered to pay to the plaintiff, as an allowance to prosecute, the sum of $5000, with $2500 payable in CT Page 1602 sixty days and $2500 payable in 120 days of date.
The court has been asked to address the alleged civil contempt of the defendant. The court has found, as stated above, that the defendant had violated the financial restraining order. The court has entered orders which correct the situation. As to the sale of the boat, the court finds that the defendant did not profit from its sale and he has been ordered to be solely responsible for the remaining loan balance. Since civil contempt is the vehicle used to bring a party alleged to be in contempt of court order into compliance, the court is satisfied, in this case, that the financial orders entered above redress such alleged contempt.
The attorney for the plaintiff shall prepare the judgment file.
HARRIGAN, Judge